(30 Misc. Rep. 646.)

PEOPLE ex rel. LANGDON v. FEITNER et al., Commissioners.

(Supreme Court, Special Term, New York County.   March, 1900.)

TAXATION—GREATER NEW YORK CHARTER—CERTIORARI—LIMITATIONS.

Laws 1896, c. 908, § 251 (General Tax Law), requires that a petition for certiorari to review a tax assessment shall be presented within 15 days after the completion and filing of the assessment roll and the first posting or publication of notice thereof.   Code Civ. Proc. § 2125, declares that a writ of certiorari may be granted to review a determination within four months after the determination to be reviewed becomes final; and Greater New York Charter, § 892, declares that the receiver of taxes shall give public notice that the assessment roll shall have been given to him, etc. *Held*, that since General Tax Law, § 251, requiring publication and posting of notice of the filing of the assessment roll, does not apply to Greater New York, an application for certiorari to review a tax assessment in such city was not barred by the 15-day limitation prescribed by section 251, but might be maintained at any time within the four months, under Code Civ. Proc. § 2125.

Certiorari by the people, on relation of Woodbury G. Langdon, against Thomas L. Feitner and others, tax commissioners. Motion for a reference to try issues of fact raised by defendant's return. Granted.

J. W. Greene, for relator.
John Whalen, Corp. Counsel, for respondents.

FREEDMAN, J. ·The decision of Mr. Justice Leventritt made upon the motion heard before him to quash the writ of certiorari in this proceeding practically decides the question as to the sufficiency of the allegations of the petition under section 906 of the charter of Greater New York. The only remaining question to be determined is the one raised by the corporation counsel that the writ, not having been applied for within the 15 days provided for by section 251 of chapter 908 of the Laws of 1896, known as the "General Tax Law," cannot be sustained, although it was obtained within the four months provided for in section 2125 of the Code of Civil Procedure. It was held in People ex rel. Bronx Gas Co. v. Barker, 22 App. Div. 161, 47 N. Y. Supp. 1020, that the provisions of the tax law of 1896, supra, did not apply to the city of New York, and that the right to a writ of this nature must be governed by the general rule respecting applications of this character; that is to say, that the application for a writ of certiorari to review the determination of the tax commissioners could be made, and the same granted, within the time prescribed by section 2125 of the Code. It is true that that decision was made prior to the adoption of the charter of Greater New York, and, although changes in the provisions of the consolidation act, under which act the decision was given, have been made in some respects, still, a comparison of the provisions of that act with those of the charter shows that sections 817–820 and 831 of the consolidation act are substantially retained by sections 892–895, 907, and 909, and made a part of the charter, and those provisions were referred to and relied upon in the Bronx Case, supra, as showing "that the provisions of law relating to the powers of the

commissioners of taxes in the city of New York with respect to the review or correction of assessments are not affected by the tax law." The corporation counsel attempts to avoid the effect of the decision in the Bronx Case, supra, and to make the provisions of the tax law relative to the 15-days limitation apply to all writs of certiorari to review tax assessments in the city of New York, and in support of his position invokes the aid of section 886 of the charter, which contains the following provision:

"All the rights, powers and duties heretofore devolved by law upon the board of taxes and assessments in the city of New York, upon the department of assessments of the city of Brooklyn and upon like departments, boards or officers of taxes and assessments other than for street improvements in the other municipal and public corporations or parts of municipal and public corporations consolidated by this act with the municipal corporation known as the mayor, aldermen and commonalty of the city of New York are hereby devolved, unless otherwise herein expressly provided, upon and vested in the board of taxes and assessments in the city of New York."

And he claims that, inasmuch as under the tax law the assessors of all the other municipal corporations consolidated with the city of New York were, before consolidation, required to publish notice of the completion and filing of the tax rolls, such duty has devolved upon the present board of taxes and assessments in the city of New York. Such a construction of section 886 of the charter cannot be entertained. . The evident intent of that section was to provide that the city of Brooklyn and the other municipalities or parts thereof that formerly were without, but by the charter are now made a part of, Greater New York, were to come within the provisions of the law governing the department of taxes and assessments in the city of New York, and that all the rights, powers, and duties heretofore devolving upon that department should apply to the annexed portions, and not that the city of New York should be required to comply with the law theretofore in force in the annexed districts. That this is the true construction to be placed upon that section is further evidenced by the fact that, while the charter makes provision that certain notices shall be given by the board of taxes and assessments, that the books are open for inspection (section 892), and that the receiver of taxes shall give public notice that the assessment rolls have been given to him, etc., it is silent as to the duty of the board to advertise that the assessment rolls have been completed, or that they have been delivered to the municipal assembly. If, therefore, no provision is made in the charter for the giving of the 15-days notice as required by the tax law (section 38), how can it be claimed that a writ of certiorari must be obtained under section 251, Id., which provides that the petition for such writ shall be presented "within fifteen days after the completion and filing of the assessment roll and the first posting or publication of the notice thereof." The fact that such notice was posted or published, there being no authority for such publication, cannot operate to limit the time in which the relator has in which to make his application for the writ. The draft committee of the Greater New York commission in their report to the commission transmitting the draft of the charter say:

"For the same reason the department of taxes and assessments has been retained upon the lines of the same department of the present city of New York, with no other changes than appeared to be necessary to enable the department to cope efficiently with the increased magnitude of the problems with which they have to deal, * * * careful provision is also made to secure equality of assessments and taxation in all parts of the new city."

From the foregoing it will be seen that the same reasons given in the Bronx Case, supra, to show that the application for a writ of certiorari to review the proceedings of the board of taxes and assessments in the city of New York did not come within the provisions of the tax law when the consolidation act was in force, are applicable with equal validity to proceedings taken for such review by writs of that character when applied for under the provisions of the charter, and therefore, in the case at bar, the writ having been applied for and obtained within the time specified in section 2125 of the Code of Civil Procedure, and the petition upon which the same was granted containing averments sufficient to bring it within the provisions of the charter, the writ cannot be quashed. An issue of fact having been raised by the return of the commissioners thereto, there must be a trial of the issues, and upon all the facts disclosed the case is one in which the reference provided for by section 253 of chapter 908 of the Laws of 1896 may be ordered. The motion of the relator for a reference should be granted.

Motion granted.